**Kim D. BAKER, Plaintiff–Appellant,**

v.

**CITY OF PHOENIX, Defendant–
Appellee.**

No. 00–15963.

D.C. No. CV–93–554–RGS.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Kim D. Baker appeals pro se the district court's order denying Baker's Federal Rule of Civil Procedure 60(b)(2) motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion the order denying the Rule 60(b)(2) motion, *see Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir.1987), and we affirm.

Because the letter containing the settlement offer did not constitute newly discovered evidence within the meaning of Rule 60, the district court did not abuse its discretion by denying Baker's motion. *See id.* at 212 (holding evidence not "newly discovered" if it could have been discovered at time of trial with reasonable diligence).

To the extent Baker contends the district court abused its discretion by not granting the Rule 60(b)(2) motion based on the contract he submitted, Baker's contention lacks merit because production of the contract earlier would not have been likely to change the disposition of the action. *See id.* at 211.

Baker's "Emergency Motion" filed on March 1, 2001 is denied as moot.

We reject Baker's remaining contentions as lacking merit.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

